IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| CYNTHIA WOOTEN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF BILLY WAYNE WOOTEN, JR. AND AS NEXT FRIEND OF A.M.W., A MINOR; BILLY WAYNE WOOTEN, SR.; AND FRANKIE WOOTEN, <br><br> Plaintiffs, <br><br> vs. <br><br> RELCO SYSTEMS, INC. AND EDWARD J. CONGDON, <br><br> Defendants. | Civil Action No. 3:12-cv-03905-P |

## COURT'S CHARGE TO THE JURY

**MEMBERS OF THE JURY:**

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your

sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court in these instructions, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

When a corporate entity is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporate entity may bind that entity by his or her acts and declarations made while acting within the scope of his or her duties as an employee of that corporate entity.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and stipulated facts. Stipulated facts must be accepted as proven facts. Any evidence as to which an objection

was sustained by the Court and any evidence ordered stricken by the Court, must be entirely disregarded.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Generally speaking, there are two types of evidence which a jury may consider in properly finding the truth as to the facts in this case. One is "direct" evidence—such as testimony of an eyewitness. The other is "indirect" or "circumstantial" evidence—the proof of a chain of circumstances which points to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from a preponderance of all the evidence, both direct and circumstantial.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to

his or her testimony. In weighing the testimony of a witness, you should consider his or her relationship to Plaintiff or to Defendants; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

During the trial of this case, certain testimony has been read to you by way of depositions, consisting of sworn answers to questions asked of the witnesses in advance of trial. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by the jury in the same way, insofar as possible, as if the witness had been present and had given from the witness stand the same testimony as given in the deposition.

I will instruct you as to which party has the burden of proof on each essential element of its claim in the case. The party having the burden of proof on each issue of fact must prove that fact by a "preponderance of the evidence." Unless otherwise instructed, you must answer all questions from a preponderance of the evidence. A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief

that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a preponderance of the evidence merely means to prove that the claim is more likely so than not so. Here, Plaintiffs have the burden of proving their claims against Defendants. However, Defendants have the burden of proving by a preponderance of the evidence that Billy Wayne Wooten Jr. had any responsibility for the accident in question.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have introduced them.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time he or she said or did something, or failed to say or do something, which is inconsistent with the witness' present testimony. If you believe that any witness has been so impeached, it is in your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

In answering the questions which I will submit to you, answer "yes" or "no" unless otherwise instructed. A "yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no."

After I have completed reading these instructions and reviewing the verdict form and jury questions with you, counsel will have the opportunity to make their closing arguments.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that all members of the jury agree to it. You therefore may not enter into an agreement to be bound by a majority or any vote other than a unanimous one.

Remember at all times that you are not partisans. Rather, you are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one juror to act as your presiding officer who will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. Your presiding officer will sign in the space provided below after you have reached your verdict.

If, during your deliberations, you wish to communicate with the Court, you should do so only in writing by a note handed to the Deputy Marshal and signed by the presiding officer. During your deliberations, you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

After you have reached your verdict, you will return these instructions together with your written answers to the questions that I will submit to you. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

Date: November 21, 2014.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

## STIPULATION OF FACT

The parties stipulate that at the time of the incident, Edward Congdon was acting within the scope of his employment with Relco Systems, Inc.

## NEGLIGENCE

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Plaintiffs have the burden of proving by a preponderance of the evidence the negligence, if any, of Edward Congdon. Defendants have the burden of proving by a preponderance of the evidence the negligence, if any, of Billy Wayne Wooten Jr.

## QUESTION NO. 1

A.  Did the negligence of Edward Congdon proximately cause the occurrence or death in question?

    Yes ____✓____   No _____

B.   Did the negligence of Billy Wayne Wooten, Jr. proximately cause the occurrence or his death?

Yes _____   No ____✓____

**If you answered "Yes" to Question 1A and 1B, proceed to the instruction below and Question 2. If you answered "Yes" to Question 1A and "No" to Question 1B, proceed to the Damages section and Questions 3, 4, 5, and 6. If you answered "No" to both parts of Question 1, proceed to the Certificate page.**

### PROPORTIONATE RESPONSIBILITY

Assign percentages of responsibility to those you found caused or contributed to cause the occurrence or death in question. The percentage you find must total 100 percent. The percentage must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found.

### QUESTION NO. 2

Find the percentage of responsibility attributable to each:

Edward Congdon:        _____%

Billy Wayne Wooten, Jr.   _____%

Total                  ____100___ %

**Proceed to the Damages section and Questions 3, 4, 5, and 6, only if you assigned 50% or less responsibility to Billy Wayne Wooten, Jr. Otherwise proceed to the Certificate page.**

## DAMAGES

If you find that the Plaintiffs have proved any of their claims against Defendants, you must determine the damages to be awarded to the Plaintiffs. Plaintiffs have the burden of proving those damages by a preponderance.

You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task to first decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiffs are entitled to recover money from Defendants.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You should not award damages for speculative injuries, but only for those injuries which Plaintiffs have actually suffered. On the other hand, the law does not require that Plaintiffs prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Do not reduce the amount, if any, in your answers because of the negligence, if any, of Billy Wayne Wooten, Jr. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

**Mental Anguish**

Any recovery for mental anguish is not subject to federal or state income taxes. "Mental anguish" means the emotional pain, torment, and suffering experienced by Cynthia Wooten, and/or A.M.W., and/or Frankie Wooten, and/or Billy Wayne Wooten, Sr. because of the death of Billy Wayne Wooten, Jr. In determining mental anguish damages, you may consider the relationship of Cynthia Wooten, and/or A.M.W., and/or Frankie Wooten, and/or Billy Wayne Wooten, Sr. with Billy Wayne Wooten, Jr., their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

**Loss of Companionship**

Any recovery for loss of companionship is not subject to federal or state income taxes. "Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Cynthia Wooten, and/or A.M.W., and/or Frankie Wooten, and/or Billy Wayne Wooten, Sr., in reasonable probability, would have received from Billy Wayne Wooten, Jr. had he lived. In determining damages for loss of companionship, you may consider the relationship of Cynthia Wooten, and/or A.M.W., and/or Frankie Wooten, and/or Billy Wayne Wooten, Sr. with Billy Wayne Wooten, Jr., their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

**Pecuniary Loss**

You are instructed that any monetary recovery for loss of contributions of a pecuniary nature is subject to federal or state income taxes. "Pecuniary loss" means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary

value, that Cynthia Wooten, and/or A.M.W., in reasonable probability, would have received from Billy Wayne Wooten, Jr. had he lived.

## QUESTION 3

**Cynthia Wooten**

A. Mental anguish sustained in the past by Cynthia Wooten because of the death of Billy Wayne Wooten, Jr. Answer in dollars and cents for damages, if any.

Answer: $750,000.00

B. Mental anguish that, in reasonable probability, will be sustained in the future by Cynthia Wooten as a result of the incident in question. Answer in dollars and cents for damages, if any.

Answer: $250,000.00

C. Loss of companionship and society sustained in the past by Cynthia Wooten. Answer in dollars and cents for damages, if any.

Answer: $250,000.00

D. Loss of companionship and society that, in reasonable probability, Cynthia Wooten will sustain in the future. Answer in dollars and cents for damages, if any.

Answer: $250,000.00

E. Pecuniary loss that, in reasonable probability, Cynthia Wooten would have received had Billy Wayne Wooten, Jr. lived. Answer in dollars and cents for damages, if any.

Answer: $120,937.00

F. Pecuniary loss that, in reasonable probability, Cynthia Wooten will sustain in the future. Answer in dollars and cents for damages, if any.

Answer: $ 773,813.00

**Proceed to Question 4.**

## QUESTION 4

**A.M.W.**

A. Mental anguish sustained in the past by A.M.W. because of the death of Billy Wayne Wooten, Jr. Answer in dollars and cents for damages, if any.

Answer: $ 375,000.00

B. Mental anguish that, in reasonable probability, will be sustained in the future by A.M.W. as a result of the incident in question. Answer in dollars and cents for damages, if any.

Answer: $ 125,000.00

C. Loss of companionship and society sustained in the past by A.M.W. Answer in dollars and cents for damages, if any.

Answer: $ 500,000.00

D. Loss of companionship and society that, in reasonable probability, A.M.W. will sustain in the future. Answer in dollars and cents for damages, if any.

Answer: $ 500,000.00

E. Pecuniary loss that, in reasonable probability, A.M.W. would have received had Billy Wayne Wooten, Jr. lived. Answer in dollars and cents for damages, if any.

Answer: $ 40,312.00

**COURT'S CHARGE TO THE JURY - Page 12**

F.   Pecuniary loss that, in reasonable probability, A.M.W. will sustain in the future. Answer in dollars and cents for damages, if any.

Answer: $257,938.00

**Proceed to Question 5.**

## QUESTION 5

**Frankie Wooten**

A.   Mental anguish sustained in the past by Frankie Wooten because of the death of Billy Wayne Wooten, Jr. Answer in dollars and cents for damages, if any.

Answer: $562,500.00

B.   Mental anguish that, in reasonable probability, will be sustained in the future by Frankie Wooten as a result of the incident in question. Answer in dollars and cents for damages, if any.

Answer: $187,500.00

C.   Loss of companionship and society sustained in the past by Frankie Wooten. Answer in dollars and cents for damages, if any.

Answer: $125,000.00

D.   Loss of companionship and society that, in reasonable probability, Frankie Wooten will sustain in the future. Answer in dollars and cents for damages, if any.

Answer: $125,000.00

**Proceed to Question 6.**

**COURT'S CHARGE TO THE JURY - Page 13**

## QUESTION 6

**Billy Wayne Wooten, Sr.**

A. Mental anguish sustained in the past by Billy Wayne Wooten, Sr. because of the death of Billy Wayne Wooten, Jr. Answer in dollars and cents for damages, if any.

Answer: $562,500.00

B. Mental anguish that, in reasonable probability, will be sustained in the future by Billy Wayne Wooten, Sr. as a result of the incident in question. Answer in dollars and cents for damages, if any.

Answer: $187,500.00

C. Loss of companionship and society sustained in the past by Billy Wayne Wooten, Sr. Answer in dollars and cents for damages, if any.

Answer: $125,000.00

D. Loss of companionship and society that, in reasonable probability, Billy Wayne Wooten, Sr. will sustain in the future. Answer in dollars and cents for damages, if any.

Answer: $125,000.00

**Proceed to the Certificate page.**

## CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into Court as our verdict.

Dated November _21_, 2014

*F. Dawed Moore*
Presiding Officer of the Jury (signature)

**COURT'S CHARGE TO THE JURY - Page 15**